## SWENY V. BRUNS.

**Adverse Possession**: TITLE BY: EVIDENCE. In 1868 or 1869 plaintiff owned a certain lot, but did not own any adjacent land. Defendant claims that plaintiff then agreed with defendant's grantor that the latter should fence the lot and pay the taxes. Defendant's grantor built the fence, but built it so as to include more land than the lot contained, which additional land was included in a tract bought by plaintiff in 1886. In 1871 plaintiff conveyed to defendant's grantor the lot intended to be fenced, and defendant, having, by himself and grantor, been in possession of the fenced land for more than ten years, now claims title to the excess of land by adverse possession, on the ground that plaintiff directed the fence to be built where it was. But *held* that, before defendant could invoke the doctrine of adverse possession, he had to establish, by a preponderance of the evidence, (1) that plaintiff directed the fence to be built where it was, and (2) that defendant's grantor intended to include more land within the fence than was included within the lot, and was not merely mistaken as to where the boundary was; both of which propositions defendant failed to establish.

Sweny v. Bruns.

*Appeal from Des Moines District Court.*—HON. CHARLES H. PHELPS, Judge.

FILED, SEPTEMBER 4, 1888.

ACTION to recover possession of real estate. Judgment for plaintiff and defendant appeals.

*Power & Huston,* for appellant.

*Geo. H. Lane* and *A. H. Stutsman,* for appellee.

SEEVERS, C. J.—The following plat is deemed material to a proper understanding of the controverted question in this case:

The land in controversy is so much of lot two as is embraced within the dotted lines. In 1886, Minehart, the defendant's grantor, owned lot one in Referee's first subdivision, and lot four, as indicated on the plat. The plaintiff at that time owned lot one, or the Hunt lot, as designated on the plat, and other persons owned lot two. The defendant claims that in the year 1868 or 1869 an arrangement was made between Minehart and the plaintiff, whereby the former was to fence the Hunt lot, and pay the taxes thereon; and he claims that the plaintiff at that time directed him where to put his fence, and he

so placed it, as shown by the dotted lines. The defendant and his grantors have been in possession thereof ever since that time. Afterwards, in 1871, Minehart purchased, and the plaintiff conveyed to him by warranty deed, the Hunt lot. The defendant claims that he and his grantors have been in adverse possession of the land in controversy under a claim of right for more than ten years, and that the plaintiff is estopped from setting up any right or title thereto. The plaintiff claims that he never gave Minehart the right to fence, but, if he did, he did not know where the line was, and that he only gave permission to fence the Hunt lot. The plaintiff had knowledge of the existence of the fence at all times afterwards, but he did not know that it included the land in controversy until he purchased lot number two, in 1886. It is a controverted question whether the plaintiff directed or indicated that the defendant's grantor should erect the fence where he did, and also whether defendant's grantor supposed, believed, or intended to include within the fence any land other than the Hunt lot. Before the defendant can invoke adverse possession under a claim of right, he must establish, by a preponderance of the evidence, both of the foregoing propositions. We think he has failed to do so. It is true the defendant's grantor so testifies. He, however, only intended to fence the Hunt lot; but supposed the boundary line thereof to be where he placed the fence, as he testifies, by the plaintiff's direction. The plaintiff testifies that the defendant's grantor is mistaken, and that he "made no representations in regard to the line," and "never had any talk with him about pulling down a fence." Neither of these witnesses is corroborated in any material degree; and, as the burden is on the defendant, we think he has failed to establish the essential proposition upon which his defense is based. It is true, the plaintiff testifies that, after the fence was erected, he came to the conclusion that the defendant's grantor did not intend to comply with his contract, and he then directed him to remove the fence. This, however, has no tendency to establish that he ever gave

leave to fence, and certainly it does not tend to prove that he indicated where it should be erected. For the reason that he undoubtedly knew of the existence of the fence, it is just as clear he did not know the boundary of the Hunt lot. He may have supposed that the Hunt lot alone was fenced, but this is immaterial, unless it tends to establish that he directed or indicated that the fence should be placed where it was. Counsel for the defendant cite several decisions of this court in which the controversy was between owners of abutting property. Such decisions have no application; for the reason that the plaintiff did not own any real estate abutting on the Hunt lot until 1886. The judgment of the district court must be

AFFIRMED.